

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
ATTORNEY GENERAL

AUSTIN, TEXAS

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2441
Re: Is it mandatory that the
Commissioners' Court in
counties described in Arti-
cle 2700e, Vernon's an-
notated Civil Statutes,
provide the money as spec-
ified therein for travel-
ing expenses of the County
Superintendent of Public
Instruction, and related
questions.

Your letter of May 29, 1940, submits for the opinion
of this Department, the following questions:

"At the request of the County Superintendent of
Morris County, Mr. J. B. Gilpatht, I am submitting
for your consideration and opinion the following
matter.

"Article 2700a, Revised Civil Statutes, 1925,
provides for the salary, office expense and travel
for the County Superintendents of Public Instruction
in all counties in Texas having 210,000 population
or more according to the last preceding Federal
census. Section 2 of this statute reads, in part,
as follows:

"' The Commissioners' Court in all counties
having a population of 210,000 or more accord-
ing to the last preceding Federal census may
spend out of the general fund of the county
any sum not exceeding the sum of $900.00 per
annum to defray the traveling expenses of the
county superintendent.'

"The Statute further provides,

"'. . . Traveling expenses provided for
herein shall be paid monthly by the county
trustees by order of the Commissioners'
Court as said expenses may be incurred.'

"Your opinion on the following questions is re-
quested:

"'1. ...Is it mandatory that the C...mmissioners'
Court, in counties described in Article 2700a,
provide the money as specified therein for the
county superintendent's travel?

"'2. Does the county superintendent have the
right to spend $900.00 for travel as deemed
necessary by him in the proper conduct of
the school business for his county?

"'3. Should the money be paid to the county
superintendent on a flat monthly allowance,
or should such county travel expense accounts
be itemized?

"'4. If the travel appropriation by the Com-
missioners' Court is inadequate to meet the
traveling expenses of the county superintendent,
may the county equalization funds be used for
the county superintendent's travel when so ordered
by the county board of trustees? (Note: Harris
County has a special equalization fund.)

"'5. May the county superintendent described in
the above mentioned statute receive travel ex-
penses when traveling outside of his county,
but within the State of Texas, while on official
school business?'"

Your first and second questions will be answered together
and negatively. It is, in our opinion, not mandatory upon the
Commissioners' Court to appropriate, out of the General Funds of
the county, for traveling expenses of the County Superintendent
the entire sum fixed by the quoted statute, to-wit, $900.00 per
annum, but it is only incumbent upon the Commissioners' Court to
expend such portion thereof as, in their discretion, is reason-
ably necessary for such purpose. The statute in question does
not, either or by implication, purport to give to
not, either expressly or by implication, purport to give to
County Superintendents of Public Instruction an annual award in
the flat sum of $900.00 per annum for traveling expenses, but,
on the contrary, places a ceiling of $900.00 upon such expendi-
tures by the Commissioners' Court, and authorizes but does not
require said court to expend that sum or any lesser amount for
such purposes. It follows therefore that the County Superintend-
ent of Public Instruction is accorded no right, under the statute
involved, to expend all or any part of the sum of $900.00 per
annum for traveling expenses, but payment of such expenses out
of county funds is contingent upon the permissive order of the
Commissioners' Court, allowing any sum, not in excess of $900.00,
which in their discretion, is sufficient for proper and nec-
essary traveling expenses.

It follows from the foregoing discussion that the
Commissioners' Court of a county is not authorized to fix and
pay to the County Superintendent of Public Instruction a flat
monthly allowance for traveling expenses, on the basis of one-
twelfth of $900.00, or any lesser sum which might be authorized
by the Court. The statute declares "that the traveling expenses
provided for herein shall be paid monthly by the county treasurer
on order of the commissioners' court as said expenses may be

incurred." (Underscoring ours) The manifest intent and purpose of the undersecred language is to give to the various County Superintendents of Public Instruction reimbursement or repayment of money actually expended for necessary travel in performance of the duties of such office, rather than to make a flat award or payment, on a daily, monthly or yearly basis. Hence the necessity for proper itemization of the expense accounts submitted for payment, showing the items actually expended in connection with the statutory business of this office.

In answer to your fourth question, it is our opinion and you are accordingly advised that the County Equalization Fund of Harris County, derived from the equalization tax levied under Article 2790e, Vernon's Annotated Civil Statutes, cannot be called upon for the payment of traveling expenses of the County Superintendent of said county. The tax mentioned constitutes a part of the school fund of the County "for the advancement of public free schools in such counties" and "for the payment of administrative expenses," but Section 10 of said Article specifically limits the administrative expenses which may be paid out of such tax collections as follows:

"Sec. 10. In the event that the tax herein provided for shall be authorized by the voters of the county to which this Act applies, then the County Superintendent's salary and all expenses of maintaining his office shall be paid out of the funds realized from the collection of the tax herein provided for." (Underscoring ours)

In view of the fact that Article 2790e, Vernon's Annotated Civil Statutes is declared to be cumulative of existing statutes, and in further view of the fact that Article 2700s, Vernon's Annotated Civil Statutes, though enacted prior to Article 2790e, is still operative to provide that traveling expenses of county superintendents of counties of the population of Harris County shall be paid out of the General Fund of said counties on order of the Commissioners' Court, we are constrained to give a limited construction to the language " and all expenses of maintaining his office," appearing in Section 10, Article 2790e, Vernon's Annotated Civil Statutes, and say that same means only office expenses, as generally understood, such as stamps, printing, stationery, utilities, etc., and does not embrace expenses incident to traveling from place to place in connection with county school business.

We answer your fifth and last question in the affirmative. In this connection, however, we point out that you do not state the facts upon which you base your conclusion that the school official in question is traveling beyond the limits of his county on official school business. Our answer, allowing the payment of traveling expenses in this connection, is upon the assumption that said school official is, as a matter of law, traveling upon official school business beyond his county and within the State of Texas.

Upon this assumption, we find no language in the pertinent statutes requiring that County Superintendents of Public Instruction should be denied reasonable and necessary traveling expenses while on official business within the State of Texas. The allow-

Hon. L. A. Woods, page 4

ase of traveling expenses, is not, by the statute, limited to the confines of the county.

Trusting the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Pat M. Neff, Jr.
Pat M. Neff, Jr.
Assistant

PMN:N:jrb

APPROVED JUNE 19, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman